**In re Petition for DISCIPLINARY ACTION AGAINST Ralph E. SHEFFEY, an Attorney at Law of the State of Minnesota.**

No. C8–94–922.

Supreme Court of Minnesota.

Oct. 20, 1994.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ralph E. Sheffey had numerous violations regarding maintenance of his trust account, including commingling client and personal funds and issuing checks on the account without funds sufficient to pay the checks, that respondent failed to communicate with four named clients and that respondent failed to deposit a retainer in his trust account and to account for or refund the retainer; and

WHEREAS, respondent, prior to these proceedings, was twice admonished, one for failing to return or account for monies received as costs and for failing to file an action before the running of the statute of limitations, and the other for failing to maintain disputed fees in his trust account or to render an accounting to the client; and

WHEREAS, respondent has unconditionally admitted the allegations of this petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend a public reprimand, imposition of 2 years' supervised probation with conditions and payment by respondent of $750 in costs and disbursements; and

WHEREAS, the court has independently reviewed the record and is of the opinion that the history of failure of respondent to properly maintain his trust account and to communicate with clients warrants a 60–day suspension, followed by 2 years' supervised probation,

IT IS HEREBY ORDERED that respondent Ralph E. Sheffey is suspended for 60 days effective 10 days from the date of this order, to be followed by 2 years' supervised probation subject to the following stipulated to conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of up to four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of the Court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to super-

vise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. Respondent's supervisor shall review these records quarterly. In addition, within thirty days of the first anniversary of the Court's order, respondent shall provide copies of all required monthly reconciliations and trial balances to the Director's Office for its review.

f. Respondent shall provide an accounting and refund of all unearned fees to Mr. Felten within 60 days of the Court's order.

The Director is awarded costs and disbursements in the amount of $750.

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice